*Mason,* for appellant.

*Shaaff,* for appellee.

# GENERAL COURT, OCTOBER TERM, 1798.

### SLUSSER vs. CHAPLINE.

FIERI FACIAS issued the 16th May 1798, upon a judgment rendered in this court, directed to the sheriff of Washington county.

The *fi. fa.* was received by the sheriff, and by him returned "part of the money made, and laid as per schedule on the 28th of September, 1798, and as to the residue it remained unsold" by him. The defendant produced a certificate that a writ of error had issued for the removal of the proceedings to the court of appeals

Oct. 1798.

Slusser
vs.
Chapline.

the writ of error was produced to the clerk of the general court on the 1st of October 1798, and bears date the 1st of October 1798. The writ of error bond was filed the same day, and security approved.

On motion of the attorney for the plaintiff, the general court directed a writ of *venditioni exponas* to issue.

*Mason,* for plaintiff.

*Key,* for defendant.

In the case of *Blacklock* vs. *Maddox,* May term 1793, a *fieri facias* was returned "laid as *per schedule*," to May term 1792, "and not sold in consequence of an *injunction* from the court of chancery." The injunction was *dissolved* in November 1792, and a *writ of error* issued the 20th of November 1792, and filed on that day, bond having been entered into and security approved. At May term 1793, on motion of the plaintiff, the general court ordered that a writ of *venditioni exponas* issue for the sale of the goods taken under the *fi. fa.* notwithstanding the writ of error. *(a)*

At May term 1792, the General Court, in the case of *Joseph Camden against Jesse Hellen,* decided, that "after a seizure of goods under a *fieri facias,* a writ of error is no supersedeas."

## GENERAL COURT, OCTOBER TERM, 1798.

*(a)* By the act of 1799, *ch.* 79, *s.* 10, where an injunction issues to prevent the sale of personal property taken by a sheriff under a writ of *fieri facias,* the sheriff shall deliver back to the defendant the personal property so taken in execution.